UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

       Hadi D. Lebbos,                 Case No:     09-58805-wsd
                                             Ch. 7

       Debtor.

_____/

Basil T. Simon, Trustee,

       Plaintiff,

v.                                      Adv. Pro. No. 09-06145-wsd

JP Morgan Chase Bank, National
Association, a National Banking Association,

       Defendant.

_____/

<u>Opinion Sustaining Defendant's Objection to Proposed Order</u>

      The matter before the Court is Defendant's objection (Docket No. 31) to the proposed order submitted by the Trustee pursuant to LBR 9021-1(a) (Docket No. 30) to effectuate this Court's opinion granting the Trustee's motion for summary judgment (Docket No. 29). The objection asserts that the Trustee's proposed order covers issues that were not explicitly decided in the Court's opinion, such as declaring that a subsequent instrument recorded after relief from the automatic stay was granted is null and void, or disposition of any claims under § 544(a)(1) and (3).

      The Court held a hearing on the Defendant's objection at which the Defendant argued that the Court's opinion granting the Trustee's motion for summary judgment under § 547 was limited to a decision relating to its pre-petition recording of a claim of interest and did not address the effect of what was recorded by it post-petition after it obtained relief from the automatic stay. The Defendant maintained that the Trustee still needed to deal with the meaning and effect of its recorded second claim of interest. In response, the Trustee acknowledged that his proposed order was broad but disagreed with the Defendant's characterization as to the form of the document recorded by it post-petition.

The facts upon which the motion for summary judgment was granted were basically that some five years pre-petition the Debtor granted a mortgage on Wayne County property. That mortgage, however, was recorded in Macomb County. When that mistake was discovered pre-petition, the mortgagee recorded in Wayne County a claim of interest to which was attached a copy of the mortgage that had been recorded in Macomb County. Thereafter, the Debtor filed this bankruptcy case following which the mortgagee obtained a lift of stay, following which another document relating to that same mortgage was recorded in Wayne County. The Trustee unsuccessfully tried to set aside the lift stay order and thereafter sought to avoid the mortgage by this adversary proceeding. Cross summary judgment motions were filed and the Court's opinion granted that of plaintiff Trustee. In that opinion, the Court specifically referred to the indicated pre-petition filings and specifically concluded that the noted pre-petition filing of the indicated claim of interest in Wayne County failed to perfect that mortgage interest under Michigan law and for that reason it was subject to being avoided as a preferential transfer under § 547.

The order which the Trustee presented to effectuate that ruling while otherwise essentially doing so also contained the following proposed language:

> It is further ordered that the real property located at 29232 Lyndon, Livonia, Michigan is declared free and clear of any lien or security interest of JP Morgan Chase Bank, National Association.

It is essentially that language in the order which is objected to, primarily on the ground that it in effect might also dispose of a matter not covered by the Court's opinion, i.e., the post petition, post lift of stay document recorded and any issue related thereto as a post petition transfer which might arguably effectuate a lien or security interest in the property in favor of the Defendant or claims under § 544(a)(1) and (3). As to the former, while it is true that during the hearing on the order objection the Court asked for and ultimately received a copy of the post petition recorded document that should not be taken as having meant that the Court was going to rule on the meaning or effect, if any, of that document. Nor did the Court discuss § 544(a)(1) and (3). What is simply before the Court is the substance of an order effectuating its previously rendered opinion. The submitted order should be revised to exclude the above quoted

2

objected to language and any other language which would preclude any future litigation or argument over any issue raised by the indicated post petition document recordation and arguments under § 544(a)(1) and (3). For the indicted reasons, the Court sustains the Defendant's objection. An order consistent with this opinion is being entered contemporaneously.

Signed on January 19, 2012

```
                              /s/ Walter Shapero
                        Walter Shapero
                        United States Bankruptcy Judge
```